IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARTIN J. VAN DEURZEN,** )<br>**#10550-104,** )<br>)<br>    **Plaintiff,** )<br>)<br>vs. )<br>)<br>**D. SPROUL and** )<br>**R. ROSENBERG,** )<br>)<br>    **Defendants.** ) | Case No. 20-cv-00649-JPG |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

  Plaintiff Martin Van Deurzen, an inmate in the Federal Bureau of Prisons (BOP) who is currently incarcerated at the United States Penitentiary located in Marion, Illinois (USP-Marion), brings this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff challenges Judge Rosenberg's recent denial of his request for compassionate release in the United States District Court for the Southern District of Florida. (Doc. 1, p. 6). He also challenges the routine denial of compassionate release requests of sex offenders at USP-Marion. (*Id.*). Finally, Plaintiff complains that USP-Marion's cramped housing increases his risk of illness or death from coronavirus. (*Id.* at 7). He seeks equal treatment, early release, and money damages. (*Id.*).

  The Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The following allegations are set forth in the Complaint (Doc. 1, pp. 6-7): Plaintiff sent Honorable R. Rosenberg a letter seeking compassionate release and a sentence reduction on an undisclosed date. (*Id*. at 2, 6). In the letter, Plaintiff informed the judge that he did not fit the requirements for compassionate release. Just two weeks later, Judge Rosenberg denied his requests. (*Id*.).

Plaintiff's request for compassionate release was also denied by officials at USP-Marion. (*Id*. at 6). He submitted a written request to his case manager on May 7, 2020. It was forwarded to "medical" and then to Warden Sproul before being denied on June 12, 2020. In a letter dated May 15, 2020, the warden's office explained that Plaintiff did not fit the criteria for compassionate release under Program Statement 5050.50, but he could pursue administrative remedies by filing an appeal within twenty (20) days of the decision. The time had already expired. "Mrs. Dawn" later told Plaintiff that "Marion will not let sex offenders out of this institution." (*Id*.). Plaintiff points out that high profile inmates (*e.g.*, Paul Manafort) have been released, and sex offenders should not be treated any differently. Plaintiff names Warden Sproul in connection with a claim for denying compassionate release requests submitted by sex offenders. (*Id*.).

Finally, Plaintiff mentions that cramped living conditions at USP-Marion contribute to the spread of infection. (*Id*. at 7). Housing three inmates in one- and two-person cells only increases the risk of illness or death from coronavirus infection. (*Id*.).

Based on the allegations in the Complaint, the Court finds it convenient to designate the following enumerated counts in this *pro se* action:

**Count 1:**   Challenge to Judge Rosenberg's recent denial of Plaintiff's request for compassionate release.

> **Count 2:** Fifth Amendment equal protection and/or due process claim against Warden Sproul for routinely denying sex offenders' petitions for compassionate release while granting requests made by high-profile inmates.
>
> **Count 3:** Eighth Amendment claim against Warden Sproul for subjecting Plaintiff to conditions of confinement posing a serious risk of physical and/or emotional harm caused by coronavirus.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

Plaintiff seeks release from custody and money damages. Given these requests for relief, the Court must evaluate the substance of his claims to determine whether he invoked the correct statute when bringing this action pursuant to 28 U.S.C. § 1331. *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002). The Court lacks authority to grant both forms of relief herein.

As for Count 1, the Court has no jurisdiction over Plaintiff's appeal of Judge Rosenberg's decision to deny him compassionate release under § 1331 or *Bivens*. This Court also lacks authority to grant a request for early release or a sentence reduction pursuant to § 1331 or *Bivens*. The claim shall be dismissed with prejudice from *this case*. However, this dismissal does not prevent Plaintiff from pursuing an appeal, habeas relief, or compassionate release under Title VI, Section 603(b) of the First Step Act of 2018.

As for Counts 2 and 3, the court also lacks authority to grant a request for release or a sentence reduction. A petition for writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).  Plaintiff may file a federal habeas petition under 28 U.S.C. § 2241 in the district of his confinement (*i.e.*, currently this federal judicial district).  He may also file a motion for compassionate release pursuant to Title VI, Section 603(b) of the First Step Act of 2018 in his underlying criminal case after "exhaust[ing] all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier."

In contrast, a request for money damages based on unconstitutional conditions of confinement can generally be brought in a civil rights action.  *See Graham*, 922 F.2d at 381 (If a prisoner is "challenging the conditions rather than the fact of confinement, . . . his remedy is under civil rights law."); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).  Plaintiff invoked § 1331 and *Bivens* to challenge USP-Marion's routine denial of compassionate release petitions filed by sex offenders and the prison's conditions of his confinement.  *Bivens* provides an implied damages remedy for a limited group of constitutional deprivations caused by persons acting under color of federal authority.

Whether Plaintiff can pursue Count 2 or 3 remains to be seen.  In *Ziglar v. Abbasi*, 137 U.S. 1843 (2017), the Supreme Court held that federal courts should not expand *Bivens* into contexts not officially recognized by the Supreme Court, unless certain "special factors" counsel otherwise.  *Ziglar*, 137 U.S. at 1859-60.  The Court cited three instances in which a *Bivens* remedy should be recognized against federal officials: (1) Fourth Amendment claims involving unlawful searches and seizures; (2) Fifth Amendment due process claims involving gender discrimination; and (3) Eighth Amendment claims for inadequate medical treatment.  *Ziglar*, 137 U.S. at 1854-55 (citations omitted).  It is unclear whether this remedy is available for Plaintiff's claims.

At this stage, the allegations support no claim in Counts 2 and 3. To do so, the plaintiff must establish that he was deprived of a constitutionally protected right by a defendant who acted under color of federal authority. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009). A government official may not be held liable for the unconstitutional conduct of a subordinate based only on his or her supervisory role in the BOP; the doctrine of *respondeat superior* is inapplicable in this context. *Id*. at 676. A plaintiff must instead plead that the defendant, through the government official's own action or inaction, violated the plaintiff's constitutional rights. *Id*.
Plaintiff has not made this showing. He names Warden Sproul in connection with both claims, but he does not provide sufficient allegations to show how this supervisory defendant was involved in any violation of his constitutional rights. Because Plaintiff asserts no specific allegations against Warden Sproul, the Court is unable to evaluate any potential claims against the defendant at this time. Accordingly, Counts 2 and 3 shall be dismissed without prejudice.

The Complaint fails to state a claim for relief, and it shall be dismissed without prejudice. If Plaintiff wishes to pursue a claim for money damages against Warden Sproul in this *Bivens* action, he may do so according to the deadline and instructions in the below disposition. If he would like to request release from custody, Plaintiff should bring a separate petition for writ of habeas corpus in this federal judicial district or file a petition for compassionate release in his underlying criminal case. This Order does not preclude Plaintiff from pursuing any other form of relief.

### Pending Motion

The Motion for Recruitment of Counsel (Doc. 2) is **DISMISSED without prejudice**. Plaintiff has demonstrated no efforts to find an attorney on his own and has shown that he is capable of litigating this matter without counsel by filing a well-organized, coherent Complaint.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  **COUNT 1** against Defendant **R. ROSENBERG** is **DISMISSED** with prejudice *in this case* for failure to state a claim upon which relief may be granted; this does not preclude Plaintiff from pursuing an appeal, habeas relief, or compassionate release in a separate action.  **COUNTS 2** and **3** against Defendant **D. SPROUL** are **DISMISSED** without prejudice for failure to state a claim.

The Clerk's Office is **DIRECTED** to **TERMINATE** Defendant **R. ROSENBERG** as a defendant in CM/ECF.

If Plaintiff wishes to re-plead any claims under *Bivens*, he may use a standard civil rights complaint form to file a First Amended Complaint in *this* case.  The First Amended Complaint is due in this case on or before **October 1, 2020**.  Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice against that Plaintiff.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District.  He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-00649-JPG).  An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the Court generally will not accept piecemeal amendments to the original Complaint.  The First Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he

wishes the Court to consider along with it.  The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 9/2/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**